## Commonwealth of Pennsylvania v. O. W. Dunham, Appellant.

*Hawking and peddling—Prohibition of, by act of 1846.*

The carrying about from house to house of small packages of goods and offering them for sale, constitutes peddling within the purview of the Act of April 17, 1846, P. L. 364, forbidding the sale by any person, as a hawker or peddler, of foreign or domestic goods, wares and merchandise, in the county of Schuylkill : Commonwealth v. Gardner, 133 Pa. 284, followed.

*Constitutional law—Statutes—Peddling—Acts of 1846 and 1854.*

The prohibition of the Act of April 17, 1846, P. L. 364, being directed not to the right of an owner to sell his goods, but to the manner in which he may sell them, it is not in violation of the constitutional right of acquiring, possessing and protecting property, secured by sec. 1, art. 1 of the

constitution of Pennsylvania, but is a valid exercise of the police power of the state.

The Act of April 13, 1854, P. L. 328, extends the provisions of the act of April 17, 1846 to the county of Lycoming, and the proviso contained in the act of 1854 that the manufacture of tin and copper ware, hats and confectioneries shall not be embraced within the provisions of the act relates only to the manufacture of said articles but not to the hawking and peddling or sale of the same, and is in no way a limitation upon the provisions of the act of 1846.

Argued Feb. 17, 1897.   Appeal, No. 156, Jan. T., 1896, by defendant, from judgment and sentence of Q. S. Lycoming Co., Dec. T. 1894, No. 13.   Before WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.   Affirmed.

Indictment for hawking and peddling.   Before METZGER, P. J.

The facts sufficiently appear in the opinion of the Superior Court.

The jury found a special verdict on which the court directed judgment to be entered, upon which defendant was sentenced to pay a fine of $50.00 and the costs of prosecution.   Defendant appealed.

*Errors assigned* were (1–3) entry of judgment and imposition of sentence.

*John G. Reading, Jr.,* with him *C. Bartles, Jr.,* and *B. S. Bentley,* for appellant, cited, inter alia, Butcher's Union Co. v. Crescent City Co., 111 U. S. 746; Slaughter House Cases, 16 Wal. 113; Stockton Laundry Case, 26 Fed. Rep. 611, and relied especially on Brennan v. Titusville City, 153 U. S. 289, also Sayre Borough v. Phillips, 148 Pa. 482.

*W. R. Peoples* and *John J. Reardon,* with them *N. M. Edwards,* district attorney, for appellee.

OPINION BY WILLARD, J., March, 17, 1897:

The appellant was indicted in the court below for violating the provisions of the Act of Assembly of April 17, 1846, P. L. 364, and its supplement of April 13, 1854, P. L. 328.   The act of 1846 provides as follows: " No person or persons shall sell or expose to sale in the county of Schuylkill as a hawker or

peddler or traveling merchant, any foreign or domestic goods, wares or merchandise, under a penalty of $50.00 for each and every offense, to be inflicted in the manner provided in the act of April 6, 1833, entitled ' A supplement to an act regulating auctions in the city of Lancaster and other towns of this commonwealth,' passed on the 7th day of April, 1832." The mode of procedure prescribed by this act is by indictment.

On March 5, 1895, a plea of not guilty was entered, and a jury being called and sworn, rendered a special verdict, in which they found inter alia, that the defendant " offered and exposed for sale either for cash or on the instalment plan, so called, from door to door, in the borough of Jersey Shore, in the county of Lycoming, on or about the 1st of October, 1894, certain goods, to wit, clothes wringers, bed springs, clocks, lace curtains, table spreads, albums, silverware, rugs and lamps." That the goods so sold or offered for sale, were sold and offered for sale by defendant as agent or employee of the American Wringer Company, a corporation of the state of Rhode Island, their principal office being in the city of New York, and that of the goods so sold they were the manufacturers of the wringers and bed springs, but not of the other goods, although they were large dealers in such other goods; that these goods were shipped by said corporation from the state of New York to defendant in Pennsylvania, and by him offered for sale, and sold as aforesaid ; that defendant made these sales for the company and received for his services a salary from the company.

The act of April 13, 1854, extends the provisions of the act of 1846 to the county of Lycoming, and contains the following proviso : " Provided that the manufacture of tin and copper ware, hats and confectioneries shall not be embraced within the provisions of this act." The only question raised here is the constitutionality of the act of 1846 and the effect of the proviso to the act of 1854.

The constitutionality of the act of 1846 is not a debatable question. In a thorough and well-considered opinion by Mr. Justice WILLIAMS in the case of Commonwealth v. Gardner, 133 Pa. 284, that question is definitely settled and it is unnecessary for us to reiterate the principles upon which that decision is based. In a subsequent opinion by the same learned justice in Commonwealth v. Harmel, 166 Pa. 89, the reasons now urged

by the appellant for declaring this act unconstitutional are met and fully answered. The case of Brennan v. Titusville, 153 U. S. 289, has no application to the case we are considering, as conclusively shown in Commonwealth v. Harmel, supra.

The free interchange of commodities between citizens of different states without regard to state lines is protected by the federal constitution and laws. But this protection does not authorize the citizens of one state to establish a delivery depot in another state so as to protect those who, as hawkers and peddlers of goods, wares and merchandise (taken from the depot so established), travel from door to door vending such merchandise in violation of the provisions of the act of 1846.

The argument of the appellant that the act in question does not bear upon all persons and commodities impartially is without force under the facts in this case and the provisions of the said act. In Sayre Borough v. Phillips, 148 Pa. 482, the ordinance was declared a trade regulation and therefore invalid, because it was not directed against the business of peddling but against some persons who engaged in it to the exclusion of others. There is no such exclusion in the act which we are considering, nor does the proviso to the supplement extending the act to the county of Lycoming exclude any commodity from the operation of the act. The act prohibits any person from selling or exposing for sale, as hawker, peddler or traveling merchant, any foreign or domestic goods, wares or merchandise. The proviso to the act of April 13, 1854, relates to the manufacture of tin and copper ware, hats and confectioneries, but not to the hawking, peddling or sale of the same. Therefore the proviso is in no way a limitation upon the provisions of the act of 1846 as applied to Lycoming county, and that act having been fully sustained by our Supreme Court, as before stated, we are bound by that adjudication under the 10th section of the act of June 24, 1895, we see no reason for departing from the rules established in the cases above cited. The case before us is ruled by Commonwealth v. Gardner, supra. The opinion of the learned judge of the court below carefully covers all the questions raised, and in our opinion there is no error in this record.

The judgment is affirmed.