## The Commonwealth *v.* O. W. Dunham, Appellant.

191    73
24 SC ¹ 76

*Constitutional law—Hawking and peddling acts of April* 17, 1846, *and April* 13, 1854.

The Act of April 17, 1846, P. L. 364, extended by the Act of April 13, 1854, P. L. 328, to the county of Lycoming, relating to hawking and peddling, is not in conflict with any provisions of the state or federal constitutions, and is a proper exercise of the police power of the state.

The proviso in the act of April 13, 1854, relates to the manufacture of certain articles specified in it, and does not expressly or impliedly authorize the peddling of the articles specified therein in violation of the act of April 17, 1846.

Argued March 14, 1898. Appeal, No. 169, Jan. T., 1897, by defendant, from judgment of S. C., Jan. T., 1896, No. 156, from judgment and sentence of Q. S. Lycoming Co., Dec. T., 1894, No. 13. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Appeal from Superior Court.
The case was reported in 4 Pa. Superior Ct. 74.

*Error assigned* was judgment of Superior Court.

*John G. Reading,* of *Reading & Allen,* for appellant, cited Com. v. Gardner, 133 Pa. 284; In re Jacobs, 98 N. Y. 98; Butcher's Union Co. v. Crescent City Co., 111 U. S. 746; Live Stock, etc., Assn. v. Crescent City Co., 1 Abb. (U. S.) 388; Bertholf v. O'Reilly, 74 N. Y. 509; Slaughter House Case, 16 Wall. 113; Bartemeyer v. Iowa, 18 Wall. 138; Munn v. Illinois, 94 U. S. 145; Stockton Laundry Case, 26 Fed. Rep. 611; People v. Marx, 1 East. Rep. 196; Nusser v. Com., 25 Pa. 126; Johnston's Est., 33 Pa. 511; Bank v. Com., 26 Pa. 446; Com. v. Cross Cut R. R. Co., 53 Pa. 62; Keller v. Com., 71 Pa. 413; Brennan v. City of Titusville, 153 U. S. 289.

*N. M. Edwards,* district attorney, with him *John J. Reardon* and *W. R. Peoples,* for appellee, cited Com. v. Harmel, 166 Pa. 89; Wolf v. Clark, 2 Watts, 298; Mugler v. Kansas, 123 U. S. 523; Powell v. Penna., 127 U. S. 678.

OPINION BY MR. JUSTICE MCCOLLUM, April 27, 1899 :

The defendant was indicted and tried in the court of quarter sessions of Lycoming county, for a violation of an act of assembly approved April 17, 1846, and extended to said county by the act of April 13, 1854. In the special verdict rendered by the jury it appeared that he had exhibited and offered for sale, from door to door, in the borough of Jersey Shore in the county of Lycoming, for cash, or on the instalment plan, certain goods, to wit : clothes wringers, bed springs, clocks, lace curtains, table spreads, albums, silverware, rugs and lamps ; and that of the goods so offered, he sold on the instalment plan, silverware, to wit : one butter dish, half dozen table spoons, and one cake basket ; he also sold on the same plan one bed spring. The facts found by the jury were held to be sufficient to constitute peddling, within the provisions of the act of 1846, supra ; a judgment of guilty was thereupon entered against the defendant and he was sentenced to pay a fine of $50.00 and costs of prosecution. Being dissatisfied with the result of the trial in the court of quarter sessions he applied for and was allowed an appeal to the Supreme Court, in which, upon due consideration, an order was made remitting the case to the Superior Court for hearing and decision. The case, having been fully argued in and duly considered by the Superior Court, resulted in an affirmance of the judgment entered by the trial court. It is now before us on appeal from the judgment of the Superior Court.

The defense to the suit in the court of quarter sessions and in the Superior Court, was that the acts of assembly referred to are in conflict with the constitution of the United States and the constitution of this commonwealth, and are therefore illegal and void. It is the only defense made in said courts, or on this appeal, and is an admission that if the constitutionality of the acts is sustained the judgment cannot be successfully assailed.

It must be conceded that if the legislation which prohibits or restricts hawking and peddling, within the counties to which it relates, is a proper exercise of the police power of the state, it is not in conflict with any provision of the federal constitution. Such legislation was held in Commonwealth v. Gardner, 133 Pa. 284, to be a valid exercise of the police power of the state, and not an invasion of the exclusive right of congress to

regulate interstate commerce.  In Commonwealth v. Harmel, 166 Pa. 89, it was held that the act of February 6, 1830, forbidding the peddling of clocks without a license, was not an interference with interstate commerce or a violation of the constitution of the United States.  In the opinion filed in the case last cited the late Justice WILLIAMS referred to the legislation above mentioned and said: "This Court has uniformly asserted the validity of such legislation as a reasonable and proper exercise of the police power."  In the opinion of Judge METZGER who presided in the court of quarter sessions on the trial of the case at bar, and in the opinion of Judge WILLARD of the Superior Court, the case of Brennan v. The City of Titusville, 153 U. S. 289, was distinguished from the cases to which reference has been made.  As they are clear and satisfactory, we need not add anything to them.

The proviso in the act of April 13, 1854, relates to the manufacture of certain articles specified in it, not one of which was sold or exposed to sale by the defendant.  It does not expressly or impliedly authorize the peddling of the articles specified therein, in violation of the act of April 17, 1846.  This is the view taken of it by the Superior Court, as appears in Judge WILLARD'S opinion filed in the case.

Judgment affirmed.