## Warden's License.

*Constitutional law—Police power—Hawking and peddling—Act of March* 22, 1862, *P. L.* 161.

The Act of March 22, 1862, P. L. 161, prohibiting all hawking and peddling in Bucks county is a proper exercise of the police power and constitutional.

The Act of March 22, 1862, P. L. 161, prohibiting hawking and peddling in Bucks county is not repealed by the general Act of. June 9, 1891, P. L. 250, relating to the licenses of soldiers. .

Argued Nov. 18, 1903. Appeal, No. 59, Oct. T., 1903, by Lawrence T. Warden, from order of Q. S. Bucks Co., refusing application for soldier's license in the matter of the appeal of Lawrence T. Warden. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Petition for soldier's license under the Act of June 9, 1891, P. L. 250.

The court dismissed the petition.

*Error assigned* was the order of the court.

*William C. Mayne*, for appellant, cited: Fromberg's Petition, 4 Pa. C. C. Rep. 354; Sharon Boro. v. Golden, 4 Pa. C. C. Rep. 357; Welton v. Missouri, 91 U. S. 275; Sayre v. Phillip's Borough, 148 Pa. 482.

*Henry Budd*, with him *Howard I. James*, for appellee, cited: Brown v. County Commissioner, 21 Pa. 37; Seifried v. Com-

monwealth, 101 Pa. 200 ; Malloy v. Commonwealth, 115 Pa. 25 ; Commonwealth ex rel. Adderton v. Gombert, Sheriff, 26 Pa. C. C. Rep. 406 ; Sayre Borough v. Phillips, 148 Pa. 482 ; Shamokin Borough v. Flannigan, 156 Pa. 43 ; Com. v. Harmel, 166 Pa. 89 ; Com. v. Gardner, 133 Pa. 284 ; Com. v. Dunham, 4 Pa. Superior Ct. 74 ; Brittain's Petition, 5 Pa. C. C. Rep. 318.

OPINION BY BEAVER, J., December 19, 1903 :

The constitutionality of an anti-peddling license law, as being within the general police powers of the state, is not open to question in Pennsylvania : Com. v. Gardner, 133 Pa. 284 ; Com. v. Dunham, 4 Pa. Superior Ct. 74 ; S. C., 191 Pa. 73.

The Act of March 22, 1862, P. L. 161, which relates to Bucks county, is clearly within the principle decided in the cases above cited. Its first section provides : " That from and after the passage of this act no person or persons shall sell or expose to sale within the county of Bucks, as a hawker, peddler or traveling merchant, any foreign or domestic goods, wares or merchandise, under the penalty of fifty dollars for each and every such offense, and no person or persons shall sell or expose to sale within the said county any foreign or domestic goods, wares, merchandise, commodities or effects of whatsoever kind or nature, unless he, she or they shall keep a store, yard or other fixed place for the purpose, where the same shall be sold or exposed to sale as aforesaid, under the penalty of fifty dollars for each and every such offense, provided that the provisions of this act shall not be construed to apply to persons carrying goods, etc., for wholesale purposes or to persons vending or disposing of articles of their own growth, produce or manufacture." This prohibition is directed not so much against the sale of goods as against the manner of their sale. This is so clearly shown in Com. v. Gardner, supra, that it is not necessary to enlarge upon the subject.

It is true the Act provides that it shall not apply to persons vending or disposing of articles of their own growth, produce or manufacture, but it discriminates against or in favor of no person on account of his residence ; nor does it discriminate against or in favor of any commodity on account of the place where it is grown, produced or manufactured. Therefore the

case is plainly distinguishable from Com. v. Snyder, 182 Pa. 630, and Sayre Boro. v. Phillips, 148 Pa. 482. See New Castle v. Cutler, 15 Pa. Superior Ct. 612, and Mechanicsburg v. Koons, 18 Pa. Superior Ct. 131.

The only question, therefore, requiring any further consideration is whether the general Act of June 9, 1891, P. L. 250, under which the appellant applied in the quarter sessions of Bucks county for a license, repeals, either directly or by implication, the act of 1862, above referred to. As to this question, we think the opinion of the court below is conclusive and needs no elaboration here. There are no words of repeal in the act of 1891 and we can see no difficulty in construing it and the local law, above referred to, in harmony with each other, so that both can stand. This being the case, it is not necessary for us to pass upon the constitutionality of the act of 1891, entitled an act "to amend 'An act to permit disabled soldiers to peddle by procuring a license therefor, without charge,' approved the 8th day of April, Anno Domini one thousand eight hundred and sixty-seven, extending such privilege to all soldiers, sailors and marines who are unable to procure a livelihood by manual labor." If the act of 1862, supra, which prohibits all hawking or peddling is in force in Bucks county, as we think it is, the court below was clearly right in refusing the license applied for. Its decree is, therefore, affirmed.