120 P.2d 619

**GREEN v. TOWN OF GALLUP.**

No. 4624.

Supreme Court of New Mexico.
Oct. 7, 1941.
Rehearing Denied Jan. 7, 1942.

George E. McDevitt, of Gallup, for appellant.

H. B. Hamilton, of Santa Rosa, for appellee.

BICKLEY, Justice.

The defendant appeals from a declaratory judgment declaring a certain ordinance of the Town of Gallup to be unconstitutional, illegal, void and of no effect.

The material parts of the ordinance are: "(1) The practice of going in and upon private residences in the Town of Gallup, New Mexico, by solicitors, peddlers, hawkers, itinerant merchants, and transient vendors of merchandise, not having been requested or invited so to do by the owner or owners, occupant or occupants of said private residence, for the purpose of soliciting orders for the sale of goods, wares, and merchandise, or for the purpose of disposing of or peddling or hawking the same, is hereby declared to be a nuisance, and punishable as such nuisance as a misdemeanor."

The grounds of assault upon the ordinance are that the Town had no power

under the statutory laws of the state to enact it; that it deprives plaintiff of his right to acquire and enjoy property as a gain of his industry contrary to the provisions of Sec. 4 of Art. 2 of the State Constitution; that it violates the "equal protection clause" and the "due process clause" of the State and Federal Constitutions, Const.N.M. art. 2, § 18; Const.U.S. amend. 14; that it is an unwarranted and arbitrary purported exercise of the police power.

The plaintiff-appellee alleges that he is a photographer with his principal place of business in Hobbs, New Mexico, and that he employs solicitors who canvass the residential sections of cities and towns, who without invitation go from house to house, soliciting orders for and take photographs. That he instructs his solicitors and employees to be courteous and polite and to not in any way antagonize or molest any house or persons he visits in soliciting said business and that plaintiff has never had any complaint on account of the treatment or action of any of his employees or solicitors in visiting private houses. That the Town of Gallup refused to permit the appellee plaintiff to solicit and canvass uninvited within its corporate limits. That plaintiff has paid all taxes and license fees required for the conduct of his business.

By answer, the appellant-defendant denied all plaintiff's material allegations except as to the passage and enforcement of the ordinance.

By way of affirmative defense, defendant alleged among other things that because of the geographical location of the Town of Gallup, at the junction of several highways, it has been a stopping-off place for roving, vagrant and itinerant salesmen, solicitors and peddlers. That a great many of such persons frequently practiced frauds upon the unwary. That they are frequently financially irresponsible. That prior to the enactment of the ordinance, numerous residence owners displayed placards to the effect that peddlers and hawkers were not allowed or permitted, but that said notifications did not avail to stop or even appreciably hinder the activities of such. That the ordinance was passed at the instance and request of the inhabitants of the Town.

The trial court at the instance of the plaintiff rendered judgment upon the pleadings after striking all the affirmative defenses of the defendant.

■ It is conceded that a motion for judgment on the pleadings admits all material facts well pleaded.

Appellant asserts that it is the well settled law in this state, that where any of the material allegations of the complaint are denied, it is error to render judgment on the pleadings.

In view of the conclusion we reach on the merits of the controversy we pass this question.

■ We are disposed to the view that the trial court erred in striking the affirmative defenses of defendant in toto. It is not unusual to find recitals in legislative enactments indicating the motives therefor.

In Mitchell v. City of Roswell, 1941, 45 N.M. 92, 111 P.2d 41, we decided: "Findings of city governing board, stated in preamble to ordinance, that keeping of certain animals within restricted district in city was a nuisance and endangered the public health, and enactment of ordinance prohibiting keeping of certain animals within the restricted district established prima facie that the ordinance was reasonable."

We fail to see any substantial difference between recitals in the ordinance and admitted similar historical facts.

In that case we also said: "We do not hold that a like ordinance would not, because of local conditions and mode of living, be unreasonable and oppressive if enforced in some municipalities, particularly the smaller ones; but no such conditions are shown to exist in Roswell."

An illustration will be mentioned as typical. In a case relied upon by appellee, Prior v. White, 132 Fla. 1, 180 So. 347, 116 A.L.R. 1176, the court reviewed the testimony of witnesses who solicited in the city of New Smyrna Beach and found that instead of solicitation being objectionable, that it was, to the contrary, welcomed. In the case at bar the admitted facts show a different situation. Also the admitted facts of the affirmative defense show that although plaintiff's employees may be instructed to be polite, many pursuing similar activities persisted when requested by the householder to refrain. The trial court was mistaken as to the absence of materiality of these facts, or at least as to some of them.

Appellee-plaintiff says in his brief that the only question involved in this case is the constitutionality of what is known as the "Green River Ordinance", which in terms is essentially the same as the ordinance involved in the case at bar.

The Green River Ordinance was upheld in the face of objections similar to those now made here, by the United States Circuit Court of Appeals, Tenth Circuit, May 11, 1933, in Town of Green River v. Fuller Brush Company, 65 F.2d 112, 88 A.L.R. 177.

The author of the annotation appended to the report of this case in A.L.R. at page 183 says: "Although comparatively few cases have been found which directly pass upon this question, the majority support the conclusion reached in the reported case, where an ordinance declaring the practice of going in and upon private residences by solicitors, pedlers, hawkers, itinerant merchants, etc., not having been requested or invited by the owner or occupant, for the purpose of soliciting orders for the sale of goods, to be a nuisance punishable as a misdemeanor, was held as a valid exercise of the police power, neither encroaching directly or indirectly upon the constitutional rights of due process or equal protection, nor constituting an undue interference with interstate commerce, as applied to a non resident solicitor of goods to be shipped from another state."

The note writer assembles cases reaching the same result and also those taking an apparently different position. See, also, subsequent annotation, 116 A.L.R. 1189.

We are disposed favorably to the reasoning in the Circuit Court of Appeals case cited, and that employed by the Supreme Court of Wyoming in the later case (Town of Green River v. Bunger, 1936, 50 Wyo. 52, 58 P.2d 456, appeal dismissed for want of a substantial federal question in 300 U. S. 638, 57 S.Ct. 510, 81 L.Ed. 854) ; and by the Supreme Court of our neighboring state of Colorado in McCormick v. City of Montrose, 1939, 105 Colo. 493, 99 P.2d 969, and by the Court of Criminal Appeals of Texas in Ex parte Lewis, 1941, 147 S.W.2d 478.

■ In Mitchell v. City of Roswell, supra, we recently travelled over some of the same ground viewed in the decisions heretofore cited. Factually, that case was different from the case at bar but many of the principles announced are applicable to both. We there held that a financial loss to the plaintiff objecting to a city ordinance was not alone ground for holding the ordinance and its enforcement invalid under the Federal Constitution; that all property and property rights are held subject to the fair exercise of police power of a municipality. Also that a reasonable regulation enacted for the benefit of public health, convenience, safety or general welfare is not unconstitutional "taking of property" in violation of the contract clause, "due process" clause or "equal protection" clause of the Federal Constitution. Also that a vested interest in property cannot be asserted against reasonable regulation enacted for the benefit of public health, convenience or general welfare on theory that business was established before enactment of ordinance making the regulation. Likewise we held that in declaratory judgment action attacking validity of ordinance, specific facts are required to be proved from which it may be inferred that the ordinance is unreasonable, general statements of law and fact being insufficient. We also held that this court will not interfere with city's determination regarding reasonableness of its public health regulations unless it is plain and palpable that there is no real or substantial relation between the ordinance and its object. We also held that a particular infringement upon the object of the ordinance need not necessarily be a nuisance in fact, it being sufficient that it was considered probable by the governing body that the doing of the prohibited thing might become such. We also suggested that what might be considered not to be a nuisance in one locality might be so considered in another.

We there had under consideration the same source of power of municipalities to make appropriate regulations that is invoked by the appellant-defendant in the case at bar, viz., § 90-402 N.M.Sts.1929, a portion of which is as follows: "Forty-fifth. To declare what shall be a nuisance and to abate the same, and to impose fines upon parties who may create, continue or suffer nuisances to exist."

Similar investiture of power in governing bodies of municipalities was held not exceeded in the cases we have heretofore cited and in similar factual situations.

Those desiring to read comments on the Green River Ordinance will find articles in 6 Rocky Mountain L.R. 85; 31 Mich. L.R. 539; 19 Iowa L.J. 375; 18 Minn. L.R. 475; 12 Ore. L.R. 155; 13 Boston U.L.R. 98; 46 Harvard L.R. 154; 81 U. of Pa. L.R. 331.

As bearing upon the reasonableness of the object to be attained by such ordinances, we cite a few expressions of the law writers: "The dogged, tenacious and sometimes pugnacious determination with which salesmen have literally flung themselves through residential portals and at householders, the transient nature of their principal places of business, their financial irresponsibility in many instances, and an early and very general tendency to defraud the unwary must have borne considerable weight upon the minds of those who have been instrumental in putting such regulatory legislation upon statute and ordinance books of our states and municipalities. Early cases have gone so far as to refer to these venders as, ' * * * those deceitful fellows who went from place to place * * * like persons that with hawks seize their game where they can find it.' " Rocky Mountain L.R. supra.

Mr. Justice Lyon, speaking for the Supreme Court of Wisconsin in Morrill v. State, 38 Wis. 428, 20 Am.Rep. 12, said in effect: He hunts his customers in their own homes. * * * There is in each case (whether the sale be made by sample or of the article itself for immediate delivery) the same intrusive domiciliary visitation, the same relentless personal pursuit of a purchaser, the same practiced and persistent itinerant salesman adroitly pressing his wares on the attention of those who neither need nor wish for them, but who are unable to resist the wiles or penetrate the deceptions practiced upon them.

In Mitchell v. City of Roswell, supra, we quoted with approval the Supreme Court of the United States language indicating that the scope of the police power is not limited to regulation and suppression of places or occupations as in the judgment of the governing bodies are likely to be injurious to the health of its inhabitants. Loud noises or offensive odors were recognized as being subject to regulation or suppression without, we take it, being necessarily detrimental to health.

"There is a marked trend now to expand the range of nuisance situations which may be regulated and it seems that the practices aimed at by the ordinance in question have long been annoying to home occupants, resulting in a great degree of inconvenience, irritableness and discomfort to those persons who day in and day out are subjected to the door-bell-ringing tactics of travelling venders." 6 Rocky Mountain L.R. Supra.

Finally, the Circuit Court of Appeals of this Circuit has said in Town of Green River v. Fuller Brush Co., [65 F.2d 114] su-

pra: "We think like practices have become so general and common as to be of judicial knowledge, and that the frequent ringing of doorbells of private residences by itinerant venders and solicitors is in fact a nuisance to the occupants of homes."

The factual basis of legislation of this nature will vary with local conditions, and the court properly leaves such matters to local legislative wisdom, subject only to recognized legal restraints.

The judgment is reversed and the cause remanded with directions to proceed in a manner not inconsistent with the views herein expressed.

And it is so ordered.

BRICE, C. J., and ZINN, SADLER, and MABRY, JJ., concur.