497 P.2d 966

STATE of New Mexico, Plaintiff-Appellant,

v.

44 GUNNY SACKS OF GRAIN, Defendant-Appellee.

No. 9303.

Supreme Court of New Mexico.

May 26, 1972.

David L. Norvell, Atty. Gen., Santa Fe, Norman D. Bloom, Jr., Special Asst. Atty. Gen., Alamogordo, for plaintiff-appellant.

No appearance for appellee.

OPINION

STEPHENSON, Justice.

Mr. Ernest Huckleby purchased grain which he fed to his hogs. The grain was contaminated by mercury poisoning which seriously injured some members of the Huckleby family who consumed meat from the hogs. These circumstances came to the attention of the New Mexico Department of Health and Social Services ("the Department").

Mr. Huckleby also purchased grain at about the same time from the same source for Mr. Gilbert, owner of the grain with which we are now concerned. A few days later, the State, through the Department, detained and embargoed the remaining Gilbert grain and ultimately, in October, 1970, libeled it in this action, acting under the New Mexico Food Act. Sections 54–1–1 to 54–1–19, N.M.S.A., 1953.

Trial was had to the court. It found as a fact that two of the sacks of grain were contaminated according to federal standards and adulterated within the meaning of § 54–1–10, supra. Neither the application of that standard nor that finding is questioned. The trial court, inter alia, awarded

damages to Mr. Gilbert for the value of these two sacks. It is in respect to these two sacks that the only legal issue of consequence is presented for review.

Section 54-1-6(a), supra, so far as now pertinent, provides for embargo and detention of articles when an authorized agency finds, or has probable cause to believe, them to be adulterated. Subsection (b) provides, inter alia, for the filing of a district court action "for a libel for condemnation of such article."

Subsection (c) provides in part:

"(c) If the court finds that a detained or embargoed article is adulterated or misbranded, such article shall, after entry of the decree be destroyed at the expense of the claimant thereof, under the supervision of such agent, and all court costs and fees, and storage and other proper expenses, shall be taxed against the claimant of such article or his agent; * * *."

The trial court found that no embargo had been placed against the common source of the Huckleby-Gilbert grain; that Mr. Gilbert was an innocent purchaser, and had cooperated with the Department. It further found that the New Mexico Food Act was intended to apply "only to those persons leading up, to the sale and including the seller of foods, and was not intended to apply to innocent purchasers or the consumer."

The latter finding is actually a conclusion of law and is erroneous. The action contemplated by § 54-1-6(c), supra, is in rem. 35 Am.Jur.2d Food § 67. It is against the thing wherever found in whatever ownership. It is an exercise of the police power, as we shall presently see. The issues were whether the material was adulterated and if the New Mexico Food Act applied, matters as to which there seems to be no question. Thus findings on the subject of whether an embargo had been placed upon the source, whether Mr. Gilbert was innocent of wrongdoing or cooperative with the Department and whether he was a seller or consumer are irrelevant in an action brought under §§ 54-1-6(b) and (c).

The court further found § 54-1-6(c), supra, to be unconstitutional. This is also a conclusion and is apparently related to another conclusion that for Mr. Gilbert not to be compensated for the grain would be a violation of Art. II, § 20 of the New Mexico Constitution, which provides:

"Private property shall not be taken or damaged for public use without just compensation."

Article II, § 20 deals with takings "for public use,"—which is to say—by eminent domain. The New Mexico Food Act and similar statutes of like import, on the other hand, have for their objective the protection of public health. The right to seize and destroy unfit or impure foods is a reasonable exercise of the right and duty of the State to protect the public health and is predicated upon the police power. 35 Am.Jur.2d Food §§ 2, 6, 66. North America Cold Storage Co. v. Chicago, 211 U.S. 306, 29 S.Ct. 101, 53 L.Ed. 195 (1908); Rubenstein & Son Produce v. State, 272 S.W.2d 613 (Tex.Civ.App.1954).

Injury which results from the proper exercise of the police power is not compensable. Green v. Town of Gallup, 46 N.M. 71, 120 P.2d 619 (1941); Mitchell v. City of Roswell, 45 N.M. 92, 111 P.2d 41 (1941); State v. Davis, 80 N.M. 347, 455 P.2d 851 (Ct.App.1969). See also Board of County Com'rs, Lincoln County v. Harris, 69 N.M. 315, 366 P.2d 710 (1961).

It therefore follows that the State is not required to make compensation when it seizes and destroys food found to be contaminated within the provisions of The New Mexico Food Act.

The trial court thus erred in respect to the contaminated sacks and its decision is reversed as to them. In all other respects the judgment is affirmed.

It is so ordered.

COMPTON, C. J., and MONTOYA, J., concur.