[No. 1550, August 29, 1913.]

MARY MARGARET YOUNG, et al., Appellants, v. ISAAC N. WOODMAN, et al., Appellees.

SYLLABUS (BY THE COURT)

1. Neither the rule to the effect that where the facts required to be shown are of a negative character, the burden of evidence may sometimes be sustained by proof rendering probable the existence of the negative facts, nor the rule to the effect that where knowledge or means of knowledge are almost wholly with the party not having the burden of proof, when all the evidence within the power of the moving party has been produced, the burden of evidence may some times shift to the party having the knowledge or means of knowledge, excuses the party having the burden of evidence from showing, no matter with what difficulty, sufficient facts, necessarily inconsistent with the position of the adverse party, to cause the court to say that a prima facie case has been made out requiring explanation, in which event, such showing, in connection with silence of the adverse party, may be sufficient to produce positive conviction in the mind of the court or jury.

P. 211

Appeal from the District Court of Taos County; Thomas D. Leib, District Judge; affirmed.

A. C. VOORHEES, Raton, N. M., for appellees.

"The burden is upon the party, plaintiff or defendant, who asserts that a contract or conveyance was obtained by fraudulent representations, or that a will was obtained by fraud or undue influence."
Jones on Evidence, sec. 190;
Bank v. Lampierre, 4 P. C. 572;
Wallace v. Mattice, 118 Ind. 59;
Bowden v. Bowden, 75 Ill. 143;
Betty v. Fishel, 100 Mass. 448;
Smith v. Ogilvie, 127 N. Y. 143;
Wellborn v. Tiller, 10 ˉAla. 305;
Baldwin v. Parker, 99 Mass. 79.

## OPINION OF THE COURT.

PARKER, J.—This is an action to cancel and set aside a certain contract for the use of water, and to quiet title of appellants in and to certain water rights involved in the said contract. The contract which is the subject of dispute is dated October 6, ˉ1909, and recites that for and in consideration of the sum of $150.00 paid, and $25.00 additional to be paid the first day of each and every year thereafter, the appellants' testator agreed with I. W. Woodman, one of the appellees, that he would permit the said Woodman to use the water from three of his water rights in the Latir Creek, from six o'clock P. M. to six o'clock A. M. and on each and every Friday and Saturday from April 15th to September 15th of each year.

The bill of plaintiff is based upon three propositions, viz., that the signature of plaintiffs' testator, attached to the contract, is not, in fact, his signature; second, that if the same is his signature, it was procured at a time when he was not in a condition, by reason of ill health and sickness, or temporary intoxication, to realize and understand what kind of an instrument he was signing; and

third, that there was no consideration of any kind for said alleged transfer or contract.

At the conclusion of the testimony the chancellor, upon motion of appellees, awarded judgment for them, upon the ground that the allegations of the complaint had not been sustained.

An examination of the testimony discloses that the appellant, Mary Margaret Young, was the widow and executrix of the last Will and Testament of Henry J. Young, deceased, who executed the contract, and that the other appellants are the daughters of the deceased. The widow and one of the daughters testified in the case, and neither of them attempted to say that the signature to the contract of the husband and father, was not genuine, nor was any evidence of any character to that effect offered by the plaintiffs. There was, therefore, an entire failure of proof upon this point.

Not a word of testimony was offered to show that the deceased was in such a condition of ill health, or in such a state of intoxication, as not to be able to understand what he was doing. There was, therefore, an absolute failure of proof in support of the second proposition.

In support of the third proposition advanced in the bill, the widow testified that she was familiar with the business transactions of her deceased husband, and that no trace of the receipt by him of the $150 was to be found in any of his books or papers, or in the banks where he deposited his funds. This proof was clearly insufficient to establish want of consideration for the contract, the provision for the annual payment of $25,00, standing alone, furnishing sufficient consideration.

The answer alleges that prior to the date of the contract, the deceased offered to act as the agent of Isaac N. Woodman, one of the appellees, to secure a water right for him, and a certain verbal agreement was thereupon entered into; that said Woodman afterwards learned that the particular water right which was to be purchased for him by the deceased, had been purchased by the deceased for himself; that thereupon, in order to avoid a law suit, the de-

fendant and said deceased compromised their differences by entering into the contract hereinbefore mentioned.

The testimony for appellants was almost wholly devoted to the proof of the fact that the deceased and Woodman did not meet together on the day of the date of the contract, and that, consequently, the deceased could have signed no such contract, and could have received no such consideration. In the absence of some evidence tending to show that the deceased had not in fact executed the contract, that is to say, that his signature thereto was not genuine, this proof was immaterial. The evidence shows that the appellee, Woodman, and the deceased saw each other at the store and residence of the deceased on the 7th and 8th of October, at one of which times it was entirely possible for the contract to have been executed. If the contract was in fact executed, and there is no evidence to the contrary, it was immaterial that it was dated the 6th, if it was in fact executed on the 7th or 8th. The widow testified that Woodman showed her the contract and she had opportunity to say whether the signature was genuine, which she failed to do.

The appellees, therefore, neglected an opportunity to show the truth, if, indeed, it was true that the deceased had not executed the contract. The widow, on cross examination, was shown a check of the appellee, Woodman, to the deceased, which was endorsed to the bank in which the Youngs did their banking business. The amount and date of the check is not shown by the record, and hence, the evidence is of no particular value; but the appellant made no effort whatever to show that the check, by reason of its date, or amount, was inapplicable to the payment of the consideration of $150.00 mentioned in the contract.

The case as it stands, then, furnishes no basis for the application of the rule, relied upon by appellants, to the effect that where the facts required to be shown are of a negative character, the burden of evidence may sometimes be sustained by proof rendering probable the existence of the negative fact, or the rule to the effect that where knowledge or means of knowledge are almost wholly with

the party not having the burden of proof, when all the evidence within the power of the moving party has been produced, the burden of evidence may sometimes shift **1** to the party having such knowledge or means of knowledge. Neither of those rules excuses the party having the burden of evidence from showing, no matter with what difficulty, sufficient facts, necessarily inconsistent with the position of the adverse party, to cause the court to say that a prima facie case has been made out requiring explanation, in which event, such showing, in connection with silence on the part of the adverse party, may be sufficient to produce positive conviction in the mind of the court or jury. See, 16 Cyc. 936, 937; 1 Elliott on Ev. 141; 2 Chamberlayne's Modern Law of Ev., section 996; 2 Wigmore Ev., sec. 2483, et seq. Col. Coal Co. v. U. S., 123 U. S. 307; Denver, etc., R. Co. v. U. S., 191 U. S. 84.

In this-case no fact was produced necessarily inconsistent with the entire validity of the contract, and hence, the appellants failed to make out a prima facie case.

It follows that the judgment of the court below was correct, and should be affirmed, and it is so ordered.