EX PARTE BOB PIERCE.

No. 16845.   Delivered October 3, 1934.
Reported in 75 S. W. (2d) 264.

The opinion states the case.

*Arthur J. Mandell,* of Houston, for appellant.

*H. G. Tigner,* Asst. Cr. Dist. Atty., of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Relator was convicted in the county court at law No. 2 of Harris County, Texas, and fined five dollars upon a complaint charging that within the city limits of said city of Houston, relator gave and handed to persons upon the public streets of said city "Bills of paper and advertising matter," contrary to an ordinance of said city. Examining the ordinance, a copy of which we find in the record, we find that part of same in terms forbids that any person shall give or hand bills of paper or other advertising matter to any person passing through or on the streets, etc., of said city. That part of said ordinance so forbidding seems to us in part meaningless and in part unreasonable. We have examined many dictionaries, legal and otherwise, also Words & Phrases and other available legal works which might be supposed to shed light,—without finding in any of them any definition of, or reference to, or description of "Bills of paper"; and confess our own ignorance as to what is meant by such expression. We must conclude that it conveyed no notice or knowledge to relator.

Turning to the other act charged in said complaint and forbidden in said ordinance, it would appear clearly unreasonable to punish any person for handing to another on the street of a city a newspaper or other harmless or legitimate document which might have in it advertising matter. Words might be multiplied, but volumes could not make plainer that this is an unwarranted invasion of the rights of the citizen guaranteed by our Constitutions—State and Federal. This is the extent of relator's wrongdoing as charged in the complaint whose invalidity as a proper or sufficient pleading, under our law and Constitution, is the sole question before this court in this habeas corpus proceeding. The authority of the city of Houston to forbid throwing or scattering paper or papers of any character in any manner on the streets or other places in said city, is not raised or passed on. The testimony,—further than as same may be looked to as affording us ground for concluding that there was in fact a trial and conviction of relator,—is not of value in determining the purely legal questions presented in this proceeding.

Our holding above indicated as to the part of said ordinance which forbids handing to another person, etc., any bill of paper or other advertising matter,—is not to be taken as holding the remainder of said ordinance bad. The part of said ordinance involved is clearly obnoxious to article 6 of our Penal Code which provides that whenever it appears that a provision of the penal

law is so indefinitely framed or of such doubtful construction that it can not be understood, either from the language in which it is expressed, or from some other written law of the State, such penal law shall be regarded as wholly inoperative. This article has been construed in many cases. See Overt v. State, 97 Texas Crim. Rep., 202; Griffin v. State, 86 Texas Crim. Rep., 498; Ex Parte Montgomery, 86 Texas Crim. Rep., 636; Dockery v. State, 93 Texas Crim. Rep., 220; Smith v. State, 99 Texas Crim. Rep., 114; Cinadr v. State, 108 Texas Crim. Rep., 147; Hallman v. State, 113 Texas Crim. Rep., 100; Warner v. State, 118 Texas Crim. Rep., 351; Wilson v. State, 59 S. W. (2d) 399. We are compelled to hold the complaint filed in this case to charge no offense against a sufficient law of this State, or a sufficient ordinance of the city of Houston.

The relator will be ordered discharged.

*Relator ordered discharged.*