## LEON BAKER V. THE STATE.

No. 23992. Delivered March 31, 1948.

*H. H. Cooper,* of Amarillo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is robbery by assault. The punishment assessed is confinement in the state penitentiary for a term of five years.

The question of the sufficiency of the evidence is not raised and such could not be successfully maintained under the facts of the case. The only question presented for review relates to the court's action in declining to accord him the benefit of the Adult Probation and Parole Law. This matter rests entirely within the sound discretion of the trial court, and it seems that appellant realizes this but claims that the trial court abused his discretion with respect thereto because on the hearing of his application for probation, he proved that he was past seventeen and under eighteen years of age; that he had never theretofore been charged with an offense; that he was a good and obedient negro boy; that his parents were good negroes; that this evidence was not controverted but notwithstanding the evidence touching his good conduct, the court declined to accord

him the benefit of the Adult Probation and Parole Law. See Art. 781-b, Vernon's Ann. C. C. P.

There is no provision made in Art. 781-b, Vernon's Ann. C. C. P. for an appeal to this court in the event the trial court declines to accord to one convicted of an offense the benefit of the Adult Probation and Parole Law. There are only two instances in which an appeal may be taken, first, when the accused has been convicted and granted a parole he may nevertheless appeal from the judgment of conviction, and second, where he had been placed on probation or parole, after conviction, and his parole has been revoked.

From what we have said it follows that the judgment of the trial court should be affirmed and it is so ordered.

Opinion approved by the Court.