**GOVERNMENT OF THE VIRGIN ISLANDS,**
**Plaintiff**
v.
**MIGUEL ANGEL TORRES, Defendant**

Criminal No. 7 — 1958
District Court of the Virgin Islands
Div. of St. Croix at Christiansted

May 8, 1958

*See, also, 161 F. Supp. 699*

LEON P. MILLER, ESQ., United States Attorney, Charlotte Amalie, Virgin Islands, *for the Government*

FRANK PADILLA, ESQ., Frederiksted, Virgin Islands, *for defendant*

MARIS, *Circuit Judge*

The defendant, Miguel Angel Torres, was charged in the Municipal Court of St. Croix with having in his possession a bicycle valued at $60 without being able to give a satisfactory explanation as to how he came by it, in violation of 14 V.I.C. § 2102(b). Following his conviction by the Municipal Court he appealed to this court. At his trial I found him guilty of having in his possession a bicycle which he unlawfully obtained and which may reasonably be suspected of having been stolen, in violation of the cited statute. The defendant thereupon filed a motion in arrest of judgment. The motion must be granted and the defendant discharged.

14 V.I.C. § 2102(b) provides:

"(b) Whoever, being brought before a court and charged with having in his possession or conveying in any manner anything

335

which may be reasonably suspected of being stolen or unlawfully obtained and cannot give an account to the satisfaction of the court how he came by the same, shall be fined not more than $10 or imprisoned not more than 30 days, or both."

■ ■ It is perfectly clear that this statute, which apparently comes down to us from the former Danish law, is not in accord with the fundamental principle of the common law that one accused in a criminal case is presumed to be innocent of the crime charged against him until he has been proved to be guilty beyond a reasonable doubt. Due process of law in a criminal case includes this presumption of innocence and places the burden on the prosecution to prove the guilt of the accused beyond a reasonable doubt by the evidence which it offers and the inferences which may reasonably be drawn therefrom. Coffin v. United States, 1895, 156 U.S. 432, 15 S. Ct. 394, 39 L. Ed. 481; Agnew v. United States, 1897, 165 U.S. 36, 49-52, 17 S. Ct. 235, 41 L. Ed. 624; Holt v. United States, 1910, 218 U.S. 245, 253-254, 31 S. Ct. 2, 54 L. Ed. 1021; Tot v. United States, 1943, 319 U.S. 463, 466-467, 63 S. Ct. 1241, 87 L. Ed. 1519; United States v. Fleischman, 1950, 339 U.S. 349, 363, 70 S. Ct. 739, 94 L. Ed. 906; 9 Wigmore on Evidence, 3d Ed., § 2511; Thayer, A Preliminary Treatise on Evidence at the Common Law (1898), Appendix B, p. 551; McCormick on Evidence (1954) §§ 306-311; 22 C.J.S. Criminal Law §§ 566, 581; 23 C.J.S. Criminal Law § 1221; 31 C.J.S. Evidence § 130; 20 Am. Jur., Evidence, §§ 149, 222. The statute here involved puts upon the accused the burden of satisfying the court that his possession or transportation of an article which is merely suspected of having been stolen or unlawfully obtained was not in fact unlawful. All that the statute requires the Government to prove is that the accused was in possession of the article or that he transported it in any manner and that it is reasonable to sus-

pect that it was stolen or unlawfully obtained by him. The burden is not placed upon the Government to prove facts from which the inference of guilty knowledge by the accused may be drawn. On the contrary the statute clearly authorizes the court to draw that inference and find the accused guilty on the basis of the mere suspicion that the article has been stolen or unlawfully obtained.

██ ██ It is quite true that statutes have been held not to deny due process of law which provide that proof of one fact shall raise a rebuttable presumption of the main fact in issue or permit that fact to be inferred from the fact proved. But the sine qua non in such cases is that there must be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate. Mobile, J. & K. C. R. R. v. Turnipseed, 1910, 219 U.S. 35, 42, 43, 31 S. Ct. 136, 55 L. Ed. 78. Of course, when the prosecution is entitled to rely upon such a rebuttable presumption or inference the burden is necessarily cast upon the accused of going forward with his evidence upon the particular point to which the presumption or inference relates if he desires to rebut it, and this does not violate his constitutional rights. Yee Hem v. U.S., 1925, 268 U.S. 178, 185, 45 S. Ct. 470, 69 L. Ed. 904.

An example of such a statute is 18 U.S.C. § 659 which makes it a criminal offense to have in one's possession goods knowing the same to have been stolen from a carrier in interstate commerce. Under that statute it has been held that evidence of possession of recently stolen goods casts upon those holding them the burden of explaining their possession since the jury is entitled to infer guilty knowledge of the theft from the evidence of possession and of the recent theft of the goods, in the absence of explanatory facts and circumstances consistent

337

with innocence. Yielding v. United States, 5 Cir., 1949, 173 F.2d 46. And see Wilson v. United States, 1896, 162 U.S. 613, 16 S. Ct. 895, 40 L. Ed. 1090. But in such a case it remains true that the prosecution still has the burden of proving the accused guilty by evidence of facts and inferences fairly to be drawn from the facts proved. There must always be a rational connection between the facts proved and the inference sought to be drawn which makes the inferred fact probable. If there is not such a rational connection between the facts proved by the prosecution and the fact which the statute permits to be inferred from those facts the statute is invalid because it denies an accused due process of law. Manley v. Georgia, 1929, 279 U.S. 1, 49 S. Ct. 215, 73 L. Ed. 575; Tot v. United States, 1943, 319 U.S. 463, 63 S. Ct. 1241, 87 L. Ed. 1519; Benton v. United States, 1956, 98 U.S. App. D.C. 84, 232 F.2d 341.

■ The case is even clearer where, as is true with the statute here involved, only the fact of bare possession need be proved and the inference of guilty knowledge is permitted to be drawn from that fact alone coupled merely with a suspicion, which although reasonable need not be proved, that the article found in the possession of the accused was stolen or unlawfully obtained. It hardly needs saying that to permit an accused to be found guilty upon an inference drawn from a mere suspicion coupled with a fact which is innocent in itself is to relieve the prosecution of its burden of proof. It is not within the province of a legislature thus to declare an individual presumptively guilty of a crime. McFarland v. American Sugar Refining Co., 1916, 241 U.S. 79, 36 S. Ct. 498, 60 L. Ed. 899. I believe that the present statute does just that when it permits the court to convict a defendant upon proof of mere possession or transportation of an article which is only suspected by the court to have been

stolen or unlawfully obtained. I am, therefore, compelled to hold that the statute, 14 V.I.C. § 2102(b), is invalid under the due process clause of the Fifth Amendment to the Constitution and section 3 of the Revised Organic Act of the Virgin Islands (1954) (prec. 1 V.I.C.), 48 U.S.C. § 1561.

The motion in arrest of judgment will be granted, the finding of guilty will be set aside and the defendant will be discharged.