FRANK E. MARNEY V. STATE.

No. 31,291. January 6, 1960.

*Spence and Martin,* by *Howard L. Martin,* Wichita Falls, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of mercury without a bill of sale or any other written evidence of ownership, as denounced by Section 3 of Article 1436b, V.A.P.C.; the punishment, a fine of $100.00.

The section reads as follows:

"Any person who may be found in any county in this State with mercury in his possession, and who has not in his possession a bill of sale, or other written evidence of title to said mercury shall be guilty of a felony, and upon conviction thereof, shall be confined in the penitentiary for a term of not less than one (1) year nor more than (5) years, or shall be confined in the county jail for not less than ninety (90) days nor more than two hundred (200) days, or shall be fined not less than One Hundred Dollars ($100) nor more than Five Hundred Dollars ($500), or by both such fine and imprisonment."

No statement of facts accompanies the record.

This is the first case to reach this court involving the above section.

.Appellant contends that the section is unconstitutional as violative of the "due process" clauses of the State and Federal

Constitutions, in that it creates an unreasonable restriction upon the use and enjoyment of personal property.

It must be remembered that mercury is not per se contraband. To uphold the statute would authorize the prosecution of every physician in this state who failed to carry *a bill of sale or written evidence of title* with the thermometer which he carries in his bag. It would make a felon of every mother who loses her cash ticket which she received at the drug store for the purgative containing mercury she keeps in her medicine closet.

It would make it unlawful to mine mercury or roast cinnabar and condense the vapors, or if mercury were found it would make it a felony to take it into possession.

To uphold this statute would be to say that it was within the power of the legislature to denounce the possession of any personal property without carrying on your person written evidence of ownership. One could not leave his house in the morning without checking to see that he had with him written evidence of ownership of the particular pair of shoes he had on as well as every other item of apparel, including his watch. In holding that portion of an ordinance of the city of Houston unconstitutional which prohibited the handing of advertising matter to another on the street, this court, in Ex parte Pierce, 127 Texas Cr. Rep. 35, 75 S.W. 2d 264, said: "Words might be multiplied, but volumes could not make plainer that this is an unwarranted invasion of the rights of the citizen guaranteed by our constitutions—state and Federal."

In 16 C.J.S., Section 602, page 1205, (Now 16A C.J.S. Constitutional Law, sec. 602), we find the following: "* * * a denial of due process of law results from any statute, whether state or federal, which takes away * * * any of the essential attributes of private property, *or imposes unreasonable restrictions on its use and enjoyment* * * *."

The above quoted section clearly imposes an unreasonable restriction upon the use and enjoyment of a lawful commodity and is therefore unconstitutional. See also Ex parte Brown, 38 Texas Cr. Rep. 295, 42 S.W. 554.

The judgment is reversed and the prosecution ordered dismissed.