JAMES EVERETT MCCLANE V. STATE

No. 31,966. June 15, 1960

Motion for Rehearing Overruled October 12, 1960

Petition for Writ of Certiorari Denied by Supereme Court of the United States February 20, 1961, Filed February 27, 1961

DAVIDSON, Judge, dissented.

*Mullinax, Wells, Morris and Mauzy,* by *Oscar H. Mauzy,* Dallas 1, for appellant.

*Henry Wade,* Criminal District Attorney, *Robert E. Lyle, Dan W. Stansbury, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin for the state.

DICE, Judge

Upon a plea of nolo contendre, appellant was convicted of the offense of unlawfully possessing a bomb and his punishment assessed by the jury at confinement in the penitentiary for 5 years.

The indictment drawn under Art. 1732, V.A.P.C. alleged that appellant did "unlawfully possess and have in his control a bomb, to-wit, a combustible substance, to-wit, gasoline contained and controlled within a container, then and there provided with a wick, which said bomb was then and there capable by its ignition and explosion of causing damage to persons and property, * * * ."

Art. 1723, V.A.P.C., Sec. 1, 1(a), 2 and 9 reads as follows:

"Section 1. The term 'bomb,' as used in this Act means: (a) Any explosive, inflammable or combustible substance controlled in any form of container whatsoever whereby the same is susceptible of being set off or exploded, or which automatically explodes when coming in contact with heat, fire, mechanical contrivance or chemical process or which will ignite, detonate or dissemble in any manner so as to cause injury or harm to any person, animal or plant life, or which will damage property in any manner."

"Section 2. Whoever shall manufacture, own, store, keep, sell, transport, possess or have in his control a bomb, as defined in Section 1, shall be guilty of a felony and upon conviction shall be confined in the State Penitentiary for not less than five (5) years and not more than twenty-five (25) years and fined not less than One Thousand Dollars ($1,000) and not more than Ten Thousand Dollars ($10,000), either or both. If mayhem or death shall result from such act, then the death penalty may be assessed."

"Section 9. The provisions of this Act shall not apply to duly constituted police or law enforcement officers, or to members of the military, naval or air force establishments when acting within their official capacities, or to licensed and recognized manufacturers, storers or dealers in pest destroyers, chemical substances or laboratory supplies of any kind, or to licensed physicians, surgeons, chemists, pharmacists, nurses or hospital employees in their usual employment. Nor shall it apply to railroads, commercial truckers or recognized operators or licensed

dealers who transport or use dynamite or other explosives in legitimate mining, oil developing, maunfacturing or displaying of fireworks, or to torpedoes, fusees and other inflammable or explosive substances used by railroads as warning or signal devices, or to persons manufacturing, storing, transporting or selling ammunition where the said persons are engaged regularly in the legitimate business of dealing in such substances. Nor shall it apply to any substances or containers used or intended to be used for industrial, mechanical, laboratory or medical purposes, or for use in the arts and sciences, or for use as economic poisons, antifreeze preparations, or fuels. This Act shall exempt the folowing items: small arms propellent powder, and small arms primers, and percussion caps, and old fashioned black powder."

Appellant filed various motions to quash the indictment on the ground that the allegations contained therein were insufficient to charge an offense under Art. 1723, supra.

Appellant's first complaint is to the court's action in overruling motion to quash No. 4 wherein appellant alleged that the indictment was insufficient because it did not negative the exemptions contained in Sec. 9 of Art. 1723, supra. The rule governing when exceptions to the operation of a criminal statute must be negatived in the state's pleading is found in Baker v. State, 132 Tex. Cr. R. 527, 106 S.W. 2d 308, 311 as follows:

"From what we have said above, and as far as we have been able to ascertain, our courts have uniformly held that when the Legislature sees fit to create exceptions to the general panel provisions of a statute, if such exceptions be placed in a separate section or article from the one containing the definition of the offense, or if they be not such as to be essential to the definition of the offense, it will not be necessary to negative such exceptions in the indictment charging such offense."

See also 1 Branch's Ann. P.C. 2d Ed. par. 536, p. 508, and cases there cited.

The exemptions separately contained in Sec. 9 of Art. 1723, supra, are clearly not a part of the definition of the offense and under the rule above quoted it was not necessary that they be negatived in the indictment.

Appellant next insists that the court erred in overruling his motions to quash the indictment because of certain variances be-

tween the allegations of the indictment and the language of the statute defining the offense. We find the allegations contained in the indictment sufficient to allege an offense under Sec.1(a) of Art. 1723, supra. While in charging the offense, certain words not in the statute were substituted in the indictment such as "contained" for "controlled," "capable" for "susceptible," "ignition and explosion" for 'set off or exploded" and "damage to person and property" for "injury or harm to any person, animal or plant, or damage property in any manner," the words substituted were equivalent to the words used in the statute. It is the rule that where a word not in the statute is substituted in the indictment for one that is, the indictment is sufficient if the word substituted is equivalent to the word used in the statute. 1 Branch's Ann. P.C. 2d Ed. par. 515, page 496.

Appellant next insists that Art. 1732, supra, is unconstitutional.

It is first contended that the definition of a "bomb" in Sec. 1 (a) is so vague and indefinite as to render the statute invalid. Appellant contends that the statute as written makes it unlawful for any citizen to possess any combustible substance which is controlled within a container and capable of being set off or exploded which would include the possession of certain items of property such as an ordinary kerosene lantern. Appellant insists that the statute as written imposes an unreasonable restriction upon the use and enjoyment of lawful property in violation of the "due process" clauses of both the State and Federal Constitutions, as was condemned by this court in the recent case of Marney v. State, 168 Tex. Cr. R. 567, 330 S.W. 2d 623, in holding unconstitutional Sec. 3 of Art. 1436b, V.A.P.C. which purported to make unlawful the possession of mercury without a bill of sale or other evidence of title.

The definition of a bomb in Sec. 1(a) of the statute does not apply to possession of substances in a container when "used or intended to be used for industrial, mechanical, laboratory, or medical purposes or for use in the arts and sciences, or for use as economic poisons, antifreeze preparations, or fuels," under the exemptions contained in Sec. 9 of the statute. It would not be unlawful to possess an ordinary kerosene lantern when the combustible substance therein was "used or intended to be used" for fuel. So the statute, Art 1723, supra, does not impose an unreasonable restriction upon the use and enjoyment of lawful property. Clearly it is within the police power of the Legislature to provide that it shall be unlawful to possess a bomb. We hold Sec. 1(a) of the statute valid and constitutional.

We need not pass upon the appellant's attack upon the constitutionality of Sec. 1(e) of Art. 1723, supra, as it is not shown to have been violated. Hoffman v. State, 20 S.W. 2d 1057, and Atwood v. State, 135 Tex. Cr. R. 543, 121 S.W. 2d 353.

Section 11 of Art. 1723, supra, provides in part as follows: "Should any section or part of this Act be held invalid, it shall not affect nor invalidate any other section or part hereof."

We overrule appelant's contention that Art. 1723, supra, was repealed by the subsequent enactment of Art. 1725, V.A.P.C. which regulates the possession and sale of fireworks. Nor do we agree with appellant that if Art. 1725, supra, did not repeal Art. 1723, supra, the two statutes denounce the same acts, provide different penalties, and therefore cannot be enforced for lack of certainty as to the punishment. Art. 1725 did not by its provisions expressly repeal Art. 1723, supra. Art. 1723, supra, relates to bombs as defined therein while Art. 1725, supra, relates to fireworks. Art. 1723, supra, makes it unlawful *to possess a bomb* while Art. 1725, supra, makes it unlawful to *possess for sale* certain types of fireworks. The two statutes do not denounce the same acts and are not in pari materia. The enactment of Art. 1725, supra, did not by implication repeal Art. 1723, supra, and the two statutes can both stand and be enforced.

We overrule appellant's contention that the evidence is insufficient to sustain the conviction.

Upon the trial, the state introduced in evidence the appellant's extra judicial confession in which appellant admitted that on the date alleged he and his two companions possessed a bomb. The confession was sufficiently corroborated by other evidence introduced by the state. Furthermore, appellant while testifying as a witness in his own behalf admitted possessing the bomb. Appellant's judicial confession was sufficient to sustain his conviction without being corroborated. Fancher v. State, 167 Tex. Cr. R. 269, 319 S.W. 2d 707.

Appellant's remaining contention is that because probation was granted to appellant's two accomplices the court erred in refusing to grant probation to appellant.

Whether an accused be granted benefit of the Adult Probation and Parole Law in this state is a matter resting within the sound discretion of the trial court. A convict has no authority to require such clemency. Baker v. State, 151 Tex. Cr. R. 454, 209

S.W. 2d 769, and Wilson v. State, 156 Tex. Cr. R. 228, 240 S.W. 2d 774. The record shows no abuse of discretion upon the part of the trial court in denying probation to appellant. The contention is overruled.

The judgment is affirmed.

Opinion approved by the Court.

DAVIDSON, Judge, (dissenting).

The statute under which this prosecution rests is void and in contravention of the Constitution of this state and of the Uuited States.

The statute makes unlawful the mere possession of property and merchandise which is neither contraband nor so dangerous to the public health and welfare as to authorize the legislature, under its police power, to prohibit the ownership and possession thereof. The statute therefore violates and is in contravention of Art. 1, Sec. 19, of the Constitution of this state and of the Fourteenth Amendment to the Federal Constitution.

The offense created by the statute is in no manner dependent upon some unlawful use or intended use of a can of gasoline. Rather, it prohibits and makes unlawful the ownership and possession of the gasoline in the container and therefore violates due process of law.

The statute is void and unconstitutional because the exemptions contained therein render it class legislation and therefore violative of equal protection as guaranteed by Art. 1, Sec. 3, of the Constitution of this state and the Fourteenth Amendment to the Federal Constitution.

There is an entire absence of any reasonable basis for authorizing the possession and ownership of a can of gasoline, susceptible of being exploded, by all those persons, individuals, or corporations who are exempted from the statute and at the same time making it unlawful for others not so exempted to do so. The exemptions constitute the statute class legislation.

It will be noticed that the exemptions are not limited to the possession and ownership of a can of gasoline in the conduct or operation of business or professions. The business or purpose or

intent with which the can of gasoline is possessed is not material or an element of the offense.

The mere possession of the can of gasoline is lawful as to such parties but is unlawful to this appellant.

The statute is destroyed and rendered nugatory by the exemption of a can of gasoline which is used or intended to be used for industrial or mechanical purposes.

If the possession of a can of gasoline is authorized for such purposes, then what reason exists to make it unlawful for one to possess a can of gasoline for some other equally lawful and legitimate purpose? There is none. Hence the statute is void, as class legislation.

The statute is also destroyed by the exemption which takes from the provisions thereof "small arms propellent powder" and "old fashioned black powder."

There appears to be an entire absence of any reason for saying that the possession of such articles is lawful, while the possession of a can of gasoline is unlawful.

The entire statute, however, fails as a valid criminal statute by exempting "fuels" therefrom.

It is a matter of common knowledge that gasoline is a fuel, yet fuels are wholly and entirely exempted from the act. Accordingly, the construction must be given to this exemption as destroying gasoline as a substance out of which a bomb may be constructed.

Under that exemption, the can of gasoline described in the indictment could not be and was not a bomb within the definition of that term, because a bomb can not be constructed of a fuel and gasoline is a fuel.

The statute under which appellant has been convicted is null and void.

I have here limited a discussion of the question of constitutionality of the statute to general terms. At a later date I may extend my views at length, together with the citation and discussion of authorities supporting those views. What I have here

said is deemed sufficient in view of the fact that the court does not discuss the question.

I dissent.