455 P.2d 851

STATE of New Mexico, Plaintiff-Appellant,

v.

Noah Ensley DAVIS, Defendant-Appellee.

No. 285.

Court of Appeals of New Mexico.

May 23, 1969.

Certiorari Denied June 13, 1969.

348

James A. Maloney, Atty. Gen., James V. Noble, Asst. Atty. Gen., Frank Andrews, III, Sp. Asst. Atty. Gen., Santa Fe, for appellant.

Lowell Stout, Hobbs, for appellee.

## OPINION

WOOD, Judge.

Section 54-5-17, N.M.S.A.1953 (Repl. Vol. 8, pt. 2, Supp.1967) makes it illegal to possess mercury in certain instances. Does this statute violate constitutional requirements of due process?

After a preliminary hearing on the criminal complaint, defendant was bound over to the District Court and charged, by criminal information, with violating § 54-5-17, supra, which reads in part:

"Illegal possession of mercury consists of possessing more than one [1] pound of mercury without also possessing a bona fide bill of sale or other instrument in writing relating to the mercury in possession stating the name and address of the seller, the name and address of the purchaser, the date of the sale, the amount sold, and the price paid therefor; Provided however, this section shall not be applicable to any person engaged in the business of mining, processing mercury, or to any person using mercury as an integral part of a tool, instrument or device in his business, or to a law enforcement officer in discharge of his duties."

The trial court sustained defendant's motion to quash this charge; the State appeals.

The trial court held the statute violated the Fourteenth Amendment to the Constitution of the United States and N.M.Const. Art. II, § 18. These constitutional provisions refer to due process and to equal protection. At oral argument defendant stated that the issue before the trial court and before this court is a due process issue and not a question of equal protection.

The trial court also ruled that § 54-5-17, supra, was an invalid exercise of the police power. In this case, this ruling does not raise a separate issue; it is related to the due process question. Omitting citations, State v. Dennis, 80 N.M. 262, 454 P.2d 276 (Ct.App.), decided April 18, 1969, states:

"The Legislature is the proper branch of government to determine what behavior should be proscribed under the police power, and, thus, to define crimes and provide for their punishment. * * * A statute is sustainable as a proper exercise of that power only if the enactment is reasonably necessary to prevent manifest or anticipated evil, or is reasonably necessary to preserve the public health, safety, morals, or the general welfare. * * *"

The due process question has three parts: (1) is the statute an unreasonable restriction of property rights; (2) does the statute destroy the presumption of innocence or shift the burden of proof; and (3) does the statute make possession illegal without regard to a defendant's intent?

We discuss these questions on the basis that mercury is not contraband per se. Al-

though mercury had been classified as a poison, § 54–5–4, N.M.S.A.1953 (Repl.Vol. 8, pt. 2) and its sale regulated, §§ 54–5–3 and 54–5–7, N.M.S.A.1953 (Repl.Vol. 8, pt. 2), its possession was not prohibited prior to enactment of § 54–5–17, supra.

*Unreasonable restriction of property rights.*

■ New Mexico Bd. of Examiners in Optometry v. Roberts, 70 N.M. 90, 370 P. 2d 811 (1962), aff'd, 374 U.S. 424, 83 S.Ct. 1759, 10 L.Ed.2d 983 (1963) states:

"* * * As has been held by this court in Green v. Town of Gallup, 46 N.M. 71, 120 P.2d 619 [1941], and Mitchell v. City of Roswell, 45 N.M. 92, 111 P.2d 41 [1941], property and property rights are held subject to the fair exercise of the police power and a reasonable regulation enacted for the benefit of public health, convenience, safety or general welfare is not * * * in violation of the * * * 'due process' clause * * *."

State v. Brooken, 19 N.M. 404, 143 P. 479, L.R.A.1915B, 213, Ann.Cas.1916D, 136 (1914) states:

"* * * Rights of property, like all other social and conventional rights, are subject to regulation under this [police] power, and such reasonable limitations may be imposed upon their enjoyment as may be necessary to prevent injury to others. * * *"

The State contends that prohibiting the possession of mercury in certain instances is a reasonable regulation to prevent evil; that § 54–5–17, supra, is designed to prevent the theft of mercury.

Defendant concedes that the statute is intended to prevent the theft of mercury. Defendant's contention goes to the way this objective is sought to be obtained. He objects to preventing theft by making a crime of an "act innocent itself." He claims the statute is much too broad in its application; that a person could be guilty even though he could show "* * * good faith and innocent purpose. * * *" He

relies on State v. Prince, 52 N.M. 15, 189 P.2d 993 (1948) and Marney v. State, 168 Tex.Cr.R. 567, 330 S.W.2d 623 (1960).

State v. Prince, supra, held an embezzlement statute violated due process because (1) there was "* * * no defense for simple conversion * * *", the statute made an innocent act a crime, was uncertain in its meaning and void for vagueness; (2) if the Legislature intended to make a crime out of innocent acts, the court was unable to determine there was a reasonable purpose for so doing.

Marney v. State, supra, held that a statute making the possession of mercury illegal violated due process. The statute involved prohibited the possession of any mercury without the possession of a bill of sale or other written evidence of title to the mercury. The decision emphasized the broadness of the statute and held the statute imposed an unreasonable restriction on the use and enjoyment of a lawful commodity.

Neither State v. Prince, supra, nor Marney v. State, supra, are applicable. The situation here differs from *Prince* inasmuch as § 54–5–17, supra, is clear. The Legislature did intend to make a crime of a formerly innocent act—in certain instances possession of mercury is now prohibited. Whether there is a reasonable necessity for this prohibition is the question to be answered. The situation here differs from *Marney* because of the limited application of § 54–5–17, supra. Our statute does not apply "* * * to any person engaged in the business of mining, processing mercury, or to any person using mercury as an integral part of a tool, instrument or device in his business, or to a law enforcement officer in discharge of his duties." Further, § 54–5–17, supra, does not apply unless the defendant possesses more than one pound of mercury.

The issue is whether our statute is reasonably necessary to prevent the theft of mercury. At oral argument, defendant conceded the physical characteristics of mercury are such that there is no way to identify a particular lot of mercury. This

difficulty of identification makes it reasonably necessary to regulate possession of mercury in order to prevent theft. The regulation of possession, as limited in § 54–5–17, supra, is reasonable. Compare McClane v. State, 170 Tex.Cr.R. 603, 343 S.W.2d 447 (1960), cert. denied 365 U.S. 816, 81 S.Ct. 698, 5 L.Ed.2d 695 (1961).

Defendant contends the regulation of possession is not reasonable because the statute requires the bill of sale or other written instrument to be on the defendant's person. This takes too narrow a view. The bill of sale or written instrument need not be on a defendant's person in order to be possessed by the defendant. See State v. Garcia and Jaramillo, 80 N.M. 247, 453 P.2d 767 (Ct.App.), decided April 11, 1969.

Section 54–5–17, supra, is not an unreasonable restriction of property rights. Compare State v. Thompson, 57 N.M. 459, 260 P.2d 370 (1953); State v. Brooken, supra.

*The presumption of innocence and burden of proof.*

Government of Virgin Islands v. Torres, 161 F.Supp. 699 (D.C.V.I.1958) considered a statute which imposed a criminal penalty upon a person who had in his possession "* * * anything which may be reasonably suspected of being stolen * * * and cannot give an account to the satisfaction of the court how he came by the same, * * *" The opinion held the statute violated due process because it destroyed the presumption of innocence and relieved the government of the burden of proof. Defendant asserts that § 54–5–17, supra, has the same effect. We disagree.

An inference of guilt may be based on an established fact if there is a "* * * rational connection between the facts proved and the inference sought to be drawn which makes the inferred fact probable * * *." *Torres*, supra. See Annot. 13 L.Ed.2d 1138 (1965). A statute proscribed "carrying on" the enterprise of illegal distillation and permitted the jury to infer guilt "* * * from the fact of a defendant's unexplained presence at the site of an illegal still. * * *" United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965), held there was a rational connection between unexplained presence at the site and the inference of guilt. The statute permitting this inference did not violate due process.

If such an inference is permissible "* * * the burden is necessarily cast upon the accused of going forward with his evidence upon the particular point to which the * * * inference relates if he desires to rebut it, and this does not violate his constitutional rights. * * *" *Torres*, supra.

The defect in the Virgin Islands statute (Government of Virgin Islands v. Torres, supra) was that the inference of guilt was made possible, and the burden upon the accused to go forward with evidence resulted, from a suspicion. The statute did not require proof that the property (in that case, a bicycle) was stolen. The statute became operative if defendant possessed anything "* * * reasonably suspected of being stolen." Since the statute became operative on the basis of a suspicion it did destroy the presumption of innocence and did shift the burden of proof in violation of due process.

Section 54–5–17, supra, differs materially from the statute considered in *Torres*, supra. The presumption of innocence is not destroyed by an inference of guilt based either on a suspicion or an unproven fact. Even within its limited application, § 54–5–17, supra, requires the State to prove possession of a specified item (mercury) in a stated amount (more than one pound).

In addition, the State must prove a negative; that defendant did not possess a bona fide bill of sale or other written instrument relating to the mercury in possession. Proof of this negative may be by the unexplained absence of a bill of sale or instrument in writing from which it may be (but not required to be) inferred that defendant did not possess such an item. Such an in-

ference is an evidentiary matter. See United States v. Gainey, supra; State v. Rodriguez, 23 N.M. 156, 167 P. 426, L.R. A.1918A, 1016 (1917); compare State v. Moore, 42 N.M. 135, 76 P.2d 19 (1938); in civil cases—Young v. Woodman, 18 N.M. 207, 135 P. 86 (1913). However, such an inference does not shift the burden of proof. See State v. Smith, 21 N.M. 173, 153 P. 256 (1915); compare State v. Everidge, 77 N.M. 505, 424 P.2d 787 (1967).

■ Section 54–5–17, supra, does not destroy the presumption of innocence and does not shift the burden of proof.

*Possession without regard to intent.*

Defendant asserts the Legislature did not include "intent" as an element of the possession prohibited by § 54–5–17, supra. Without an expression as to whether "intent" is an element of the crime, defendant contends we do not know whether an unintentional possession is now criminal. On this basis he claims the statute is vague and therefore violates due process. He also asserts that we cannot supply a requirement of intentional possession of mercury. He relies on State v. Prince, supra.

Omitting citations, State v. Shedoudy, 45 N.M. 516, 118 P.2d 280 (1941) states:

"Generally speaking, when an act is prohibited and made punishable by statute only, the statute is to be construed in the light of the common law and the existence of a criminal intent is to be regarded as essential, although the terms of the statute do not require it. * * * But the legislature may forbid the doing of an act and make its commission criminal, without regard to the intent with which such act is done; but in such case it must clearly appear from the Act (from its language or clear inference) that such was the legislative intent.

* * *

"It follows that whether a criminal intent is to be regarded as essential, is a matter of construction, to be determined from a consideration of the matters prohibited, and the language of the statute, in the light of the common law rule. * * *"

State v. Craig, 70 N.M. 176, 372 P.2d 128 (1962); State v. Lawson, 59 N.M. 482, 286 P.2d 1076 (1955).

State v. Prince, supra, is consistent with the above quotation. In *Prince*, there was a question whether criminal intent was a part of the embezzlement statute. It was a matter for construction. Considering the current embezzlement statute with the embezzlement statute that was repealed, the court determined that the Legislature intended to eliminate "criminal intent". Absent such a criminal intent, the statute violated due process because of its vagueness. Without a criminal intent, the embezzlement statute included innocent acts (a simple conversion). The court could find no reasonable necessity for prohibiting such an innocent act.

Here too there is a question whether criminal intent is a part of the statute. It is a matter for construction. It does not "clearly appear" that the Legislature intended to make unintentional possession of mercury a crime. Applying State v. Shedoudy, supra, criminal intent—that is, an intent to possess the mercury—is required for violation of § 54–5–17, supra.

■ To characterize § 54–5–17, supra, as an act malum prohibitum, rather than malum in se, does not dispose of the question of intent in the application of the statute. We agree that § 54–5–17, supra, prohibits a formerly legal possession. But the act prohibited is intentional possession of mercury in those instances covered by the statute.

The order quashing the information was error. The cause is remanded with instructions to set the order aside, reinstate the criminal information and to proceed to trial.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.