464 P.2d 408

STATE of New Mexico, Plaintiff-Appellee,

v.

Michael TICKNOR, Kathie Ticknor, Jeffrey Carlisle, Joan Carlisle, and Eugenia Franco, Defendants-Appellants.

No. 400.

Court of Appeals of New Mexico.

Jan. 2, 1970.

James B. Alley, Jr., Mitchell & Mitchell, Santa Fe, for appellants.

James A. Maloney, Atty. Gen., Santa Fe, Justin Reid, Asst. Atty. Gen., for appellee.

## OPINION

WOOD, Judge.

Defendants had in their possession, for use, approximately one-third of a beef. They did not have a bill of sale for this carcass. These facts are stipulated. Defendants were convicted of violating § 47–9–41, N.M.S.A. 1953 (Repl. Vol. 7). Appealing, they contend that the above facts do not amount to a violation of § 47–9–41, supra.

As originally enacted, § 47–9–41, supra, pertained to the possession of livestock or carcasses for transport. Laws 1965, ch. 8, § 1 amended § 47–9–41, supra. After this amendment, the section not only pertained to possession for transport, but also possession for use or sale. The pertinent portion of § 47–9–41, supra, as presently worded, states:

"If any duly authorized inspector should find any livestock or carcasses in the possession of any person, * * * for use, sale or transporting by any means, and said person, * * * is not in possession of a bill of sale, duly acknowledged, or cannot furnish other satisfactory proof of lawful ownership or said inspector has good reason to believe that said livestock or carcasses, are stolen, said inspector shall refuse to issue a certificate authorizing the transportation of said livestock or carcasses, and shall seize and take possession of same."

There is nothing in the record indicating that defendants could not furnish satisfactory proof, other than by a bill of sale, that they were the lawful owners of the carcass. However, no issue is raised as to this portion of the statute. The trial court found defendants guilty on the basis of their stipulation.

Do the stipulated facts—possession of a livestock carcass, for use, without a bill of sale—amount to a violation of § 47–9–41, supra?

Section 40A–1–4, N.M.S.A. 1953 (Repl. Vol. 6) defines a crime. It reads:

"A crime is an act or omission forbidden by law and for which, upon conviction, a sentence of either death, imprisonment or a fine is authorized."

Section 47–9–45, N.M.S.A. 1953 (Repl. Vol. 7) provides a penalty for violating § 47–9–41, supra. The question then is whether the facts before us amount to an act or omission forbidden by § 47–9–41, supra.

Section 47–9–41, supra, is directed to the inspector. Under certain conditions (the validity of which are not in issue) the inspector is directed to refuse to issue an inspection certificate and directed to seize and possess livestock or carcasses. The inspector might violate the statute if he failed to perform according to the statute once those conditions exist. Section 47–9–41, supra, does not, however, declare the existence of those conditions to be criminal.

Specifically, § 47–9–41, supra, does not forbid the possession of a carcass without a bill of sale. Compare § 54–5–17, N.M.S.A. 1953 (Repl. Vol. 8, pt. 2, Supp. 1969) and State v. Davis, 80 N.M. 347, 455 P.2d 851

(Ct.App. 1969), cert. denied 80 N.M. 316, 454 P.2d 973 (1969); State v. Thompson, 57 N.M. 459, 260 P.2d 370 (1953). Section 47-9-41, supra, does not declare such possession to be unlawful. See State v. McFall, 67 N.M. 260, 354 P.2d 547 (1960); compare § 47-9-38, N.M.S.A. 1953 (Repl. Vol. 7, Supp. 1969).

Since possession of a carcass, for use, without a bill of sale, is not prohibited by § 47-9-41, supra, the judgments against defendants and their sentences, are without authority of law. Compare Territory v. Baca, 2 N.M. (Gild) 183 (1882).

The cause is reversed and remanded with instructions to dismiss the charges.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.