Emma KERRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 42814.

Court of Criminal Appeals of Texas.

March 25, 1970.

Oliver & Oliver, San Antonio, for appellant.

J. Brite Taylor, Dist. Atty., Jourdanton, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

Tried upon an indictment alleging that she unlawfully, wilfully and with malice aforethought killed Scotty Kerry by shooting him with a gun, and the state having elected not to seek the death penalty, appellant filed application for probation and entered a plea of not guilty before a jury. Trial on the issue of guilt or innocence resulted in a verdict finding appellant guilty of murder without malice aforethought.

Hearing before the same jury on the issue of punishment followed, the court including in his charge the question of whether the jury would recommend that probation be granted.

The jury assessed the punishment at confinement in the penitentiary for five years and stated in their verdict: "We do not recommend that she be placed on probation."

Relying upon the portion of Section 3c of Art. 42.12 (B) Vernon's Ann.C.C.P. which provides:

"Nothing herein shall limit the power of the court to grant a probation of sentence regardless of the recommendation of the jury * * *",

the trial court heard further evidence upon the application for probation in connection with the hearing on appellant's motion for new trial. Following this hearing the court overruled the motion for new trial and denied the defendant's application for probation made to the court. Sentence was then pronounced and notice of appeal was given.

The sole ground of error set forth in appellant's brief is: "The trial court abused its discretion in failing to grant appellant's probation when the undisputed facts in the case showed appellant was entitled to probation."

Art. 42.12(B) V.A.C.C.P., which relates to probation, provides in part:

"In all eligible cases, probation shall be granted by the court if the jury recommends it in their verdict." (Sec. 3a)

Sec. 3b of said Art. 42.12(B), supra, relates to revocation of probation recommended by the verdict of a jury.

Sec. 3c, supra, merely authorizes the judge in his discretion to grant probation regardless of the recommendation of the jury.

In the absence of a recommendation by the verdict of a jury pursuant to Art. 42.12 (B) V.A.C.C.P., the question of whether an accused is entitled to the benefits of adult probation law rests within the discretion of the trial court and his decision is not appealable. Stratmon v. State, 169 Tex.Cr.R. 188, 333 S.W.2d 135; Baker v. State, 151 Tex.Cr.R. 454, 209 S.W.2d 769; McClane v. State, 170 Tex.Cr.R. 603, 343 S.W.2d 447, cert. denied, 365 U.S. 816, 81 S.Ct. 698, 5 L.Ed.2d 695.

The judgment is affirmed.