481 P.2d 410

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Charles Chadwick CRANFORD, Defendant-Appellant.**

**No. 506.**

Court of Appeals of New Mexico.

Feb. 5, 1971.

William J. Heck, Hobbs, for defendant-appellant.

James A. Maloney, Atty. Gen., Thomas L. Dunigan, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant's appeal questions the sufficiency of the evidence to sustain his conviction of illegal possession of mercury. Section 54–5–17, N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp. 1969) states in part:

"Illegal possession of mercury consists of possessing more than one [1] pound of mercury without also possessing a bona fide bill of sale or other instrument in writing relating to the mercury in possession stating the name and address of the seller, the name and address of the purchaser, the date of the sale, the amount sold, and the price paid therefor; * * *."

Defendant's contention is: "* * * Although the state established evidence of possession of mercury, in failing to show the absence of a bill of sale or other instrument in writing, the state failed to sustain its burden of proving beyond a reasonable doubt one of the necessary elements of the crime. * * *" We agree that the State has the burden of proving a negative—that the defendant did not possess a bona fide bill of sale or other written instrument relating to the mercury in defendant's possession. State v. Davis, 80 N.M. 347, 455 P.2d 851 (Ct.App.1969).

As to how this negative may be proved, the State refers us to the following from State v. Davis, supra:

"* * * Proof of this negative may be by the unexplained absence of a bill of sale or instrument in writing from which it may be (but not required to be) inferred that defendant did not possess such an item. Such an inference is an evidentiary matter. * * *"

The inference may be drawn if the absence of a bill of sale or instrument in writing is unexplained. Here, however, there is no direct evidence that a bill of sale or instrument in writing was absent. With no direct evidence of this "absence," an inference may not be based on the "unexplained absence." State v. Davis, supra, does not provide an answer to the contention that the State failed to prove the absence of a bill of sale or other instrument in writing.

The answer to defendant's contention is that there is other evidence from which the required negative may be inferred.

There is evidence that 60 pounds of mercury, contained in a plastic chlorox bottle and a glass apple juice jug, a funnel containing traces of mercury and "some scales" were found in a closet in the living room of premises rented by defendant. There is evidence that defendant was living at these premises. Upon these items being discovered, defendant stated: "'That's not supposed to be there.'" Approximately two days before trial, after defendant had been represented by counsel for several months, defendant approached

one of the investigating officers. The officer testified that defendant "* * * asked me if he plead guilty to this which is being tried here today, could I get him a probated sentence. He stated that he was guilty and he would like to try to plead guilty for a probated sentence."

 The evidence that, according to defendant, the mercury in his closet was not supposed to be there, and the evidence that defendant acknowledged his guilt to the investigating officer, permits the inference that defendant did not possess a bona fide bill of sale or other written instrument relating to the 60 pounds of mercury in his closet.

There being evidence from which the required negative could be inferred, and the jury having drawn that inference by its verdict of guilty, the judgment and sentence are affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.