**Richard Mark JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43610.**

Court of Criminal Appeals of Texas.

April 20, 1971.

Rehearing Denied June 2, 1971.

Haley & Smith, Seminole, Easley & Reynolds, Hobbs, N. M., for appellant.

Vernon D. Adcock, Dist. Atty., Lamesa, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for possession of mercury in excess of one pound without possessing a bill of sale or other written evidence of title, etc. Article 1436b, Vernon's Ann.P.C. The trial was before the court upon a plea of not guilty after waiver of a jury trial. The punishment was assessed at four years, but the imposition of the sentence was suspended and the appellant was placed on probation.

■ Initially, appellant challenges the constitutionality of Article 1436b, Sec. 3, supra, as amended 1963 and 1967. He cites and relies upon Marney v. State, 168 Tex. Cr.R. 567, 330 S.W.2d 623, decided prior to such amendments. Attorney General's Opinion M–322 (December 17, 1968) concluded that since the amendments the statute was constitutional and did not impose an unreasonable restriction on the use or enjoyment of mercury as a lawful commodity.

In State v. Davis, 80 N.M. 347, 455 P.2d 851, cert. den. 80 N.M. 316, 454 P.2d 973, the New Mexico Court of Appeals upheld the constitutionality of that state's statute on the possession of mercury which is

nearly identical to the present Texas statute. In a scholarly and persuasive manner the New Mexico Court explored various constitutional arguments at length before reaching the conclusion that their statute was not constitutionally infirm.

We note in passing that "the construction placed by a court of another jurisdiction on a statute similar to a statute of Texas will undoubtedly be given due consideration." 53 Tex.Jur.2d, Statutes, Sec. 129, p. 191.

We find ourselves in agreement with our Attorney General and the decision in State v. Davis, supra. No need exists to replow the same ground, or to elongate this opinion. Appellant's initial ground of error is overruled.

Appellant also advances the unique theory that the court erred in refusing to grant a motion to suppress evidence to be presented to the grand jury. Prior to the return of the indictment the appellant filed his motion and his affidavit detailing his version of his arrest and the seizure of the mercury. It was apparently upon the motion and affidavit that the court acted in denying the motion to suppress.

Prior to the 1965 Code of Criminal Procedure there was no statutory provision for a motion to suppress and a denial of such motion was not error. Dominguez v. State, 161 Tex.Cr.R. 124, 275 S.W.2d 677; Johnson v. State, 111 Tex.Cr.R. 395, 13 S.W.2d 114. A defendant was required to make his objections to the evidence at the trial on the merits under the procedural requirements laid down in Rosales v. State, Tex.Cr.App., 399 S.W.2d 541; Ramos v. State, Tex.Cr.App., 395 S.W.2d 628, 629, and Pritchett v. State, 152 Tex.Cr.R. 432, 214 S.W.2d 623.

■ Article 28.01, Vernon's Ann.C.C.P., dealing with pre-trial hearings, is the only statute wherein any mention of a motion to suppress is found. Bosley v. State, Tex.Cr.App., 414 S.W.2d 468. By the very wording of the statute a pre-trial hearing may be set *in a criminal case* within the discretion of the court. A criminal case involving a felony is predicated upon the return of an indictment by a grand jury. Until then the District Court does not even acquire jurisdiction of the case. As we interpret the statute, Article 28.01, supra, does not pertain to a pre-indictment motion to suppress. There being no statutory provision for such a motion, the denial of the motion was not error.

■ Appellant next complains of the courts' failure to grant his motion to quash the indictment. Our attention is not directed to any portion of the record, approved without objection, where we might find such motion or any evidence adduced in connection therewith. The ground of error is not in compliance with Article 40.09, Sec. 9, V.A.C.C.P. We do find a "Motion to dismiss Indictment," but such motion is not based on the same contention claimed to have been advanced in the motion to quash the indictment, and it is not clear from the record whether the motion to dismiss was ever presented to the trial judge. At least we find no ruling thereon.

We find nothing presented for review.

In three grounds of error appellant contends his warrantless arrest was without probable cause, and the fruits of the search incident thereto were inadmissible; that the court erred in overruling his motion to suppress, in admitting such evidence, and in refusing to grant an instructed verdict.

The record reflects that at 4 a. m. on May 14, 1969, A. L. Mitchell, a special agent of the New Mexico State Police received information from a deputy sheriff in Spearman, Texas that a large quantity of mercury had been stolen in Oklahoma and Kansas and was believed to be destined for the Hobbs, New Mexico area. Later that morning Mitchell commenced a surveillance of a pool hall in Hobbs which two per-

sons, one of whom was suspected of involvement in the theft, had entered. During the course of the surveillance Mitchell observed the appellant Johnson enter the pool hall. He knew Johnson was suspected of being "a fence" and involved in receiving stolen mercury. When Johnson left the pool hall he was trailed by Deputy Sheriff Patterson to the Hobbs Iron and Scrap Metal Yard where he was employed. Shortly thereafter Johnson returned to the pool hall driving his red pickup. After a few minutes he emerged from the pool hall and this time he was followed by Mitchell. When Mitchell observed Johnson driving on U. S. Highway 180 eastwardly towards the New Mexico-Texas state line he radioed Texas authorities that he was following a suspect and further requested a "back up" officer from New Mexico. Approximately three miles after crossing into Texas, Johnson turned north on a dirt road traveling two miles before he turned around and headed south, retracing his course. In the process he passed Mitchell who was still traveling in a northerly direction. In order not to alert Johnson to the fact he was being followed, Mitchell, who was not in uniform, continued to drive his unmarked car in a northerly direction for a short distance before turning around. Visual contact of Johnson was lost for two or three minutes because of a rise in the road. As Mitchell came over the rise he saw the Johnson vehicle pulling back on the travelled portion of the roadway from the shoulder area and he concluded the vehicle had been stopped there. While Mitchell did not see Johnson pick up anything he reasoned Johnson had picked up mercury stashed alongside the dirt road as he had been informed this was the manner in which mercury thieves operated.

When Johnson reached the intersection with U. S. Highway 180 he turned his wheels to the right towards Hobbs, but upon seeing Deputy Patterson sitting in a marked police vehicle near the intersection he turned east on the highway towards Seminole. Mitchell continued to follow.

After approximately three miles Johnson turned south on another dirt road. Two or three miles down that road Johnson suddenly pulled his pickup truck off the road and stopped of his own volition and got out. Mitchell also stopped, approached Johnson and engaged him in conversation. Johnson told Mitchell he was "trying out his pickup" and they discussed its transmission, etc. Upon inquiry Johnson told Mitchell he was not carrying anything in his truck. Mitchell then walked near the open window of the pickup and observed four plastic jugs on the floor of the pickup. One of the jugs was transparent and it appeared to Mitchell, an experienced officer in the field of mercury thefts, that the same contained liquid mercury. He then informed Johnson he was detaining him until the arrival of a Texas officer. Deputy Sheriff Bell of Gaines County, Texas, and Deputy Patterson arrived on the scene within a matter of a few minutes. Bell then searched the pickup finding that four plastic jugs contained 253 pounds of mercury. Johnson was taken to the sheriff's office in Seminole. Johnson did not have in his possession a bill of sale or other written evidence of title to the mercury nor did he subsequently produce any. A chemical analysis also reflected that the jugs contained mercury.

Appellant urges the warrantless arrest was without probable cause, and that the fruits of the search incident thereto were not admissible into evidence. He further contends the arrest was made by one without legal authority, pointing out that Mitchell was a New Mexico officer and not a Texas officer or even a citizen of this state.

Article 14.01, V.A.C.C.P., provides in part:

"(a) A peace officer *or any other person*, may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as

an offense against the public peace." (emphasis supplied.)

■ Under the circumstances presented, when Officer Mitchell, while standing in a public roadway where he had a right to be, saw in plain sight four plastic jugs in appellant's truck, one of which appeared to his experienced eye to contain mercury in excess of one pound, he was authorized to arrest and detain Johnson for the offense. Under the express provisions of Article 14.01, supra, authorizing any person to arrest under the conditions prescribed the fact that Mitchell was a New Mexico officer and citizen will not call for a different result.

The State also relies upon Gutierrez v. State, 423 S.W.2d 593, 595, wherein this court stated:

"The State, however, does not seek to justify the search as one incident to a lawful arrest. They contend that an automobile on proof of probable cause, may be legally searched without a search warrant. We agree. See Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L. Ed. 543; Husty v. United States, 282 U. S. 694, 51 S.Ct. 240, 75 L.Ed. 629; Brinegar v. United States, 338 U.S. 160, 69 S. Ct. 1302, 93 L.Ed. 1879; 51 Tex.Juris. 2d, Searches and Seizures, Sec. 10, pp. 669, 670. Under these authorities the test of the validity of the search is whether the searching officers had probable cause. They do not have to arrest the defendant as a condition of making the search. They may search, find the contraband, and then arrest." See also Williams v. United States, 5 Cir., 404 F.2d 493; Miller v. State, Tex.Cr.App., 458 S.W.2d 680, 683; 51 Tex.Jur.2d, Searches and Seizures, Sec. 10, pp. 669, 670.

Only recently in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, the United States Supreme Court noted that in terms of circumstances justifying a warrantless search the court has long distinguished between an automobile and a home or office, the court observing that in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, it held that automobiles and other conveyances may be searched without a warrant in circumstances which would not justify the search without a warrant of a house, provided that there is probable cause to believe the car contains articles that the officers are entitled to seize.

In Chambers v. Maroney, supra, the Court, after upholding the validity of the warrantless arrest there based on probable cause, noted in footnote #6 as follows:

"In any event as we point out below, the validity of an arrest is not necessarily determinative of the right to search a car if there is probable cause to make the search. Here, as will be true in many cases, the circumstances justifying the arrest are also those furnishing probable cause for the search."

Thus there exists another ground to justify the admission into evidence of the mercury.

We need not and do not reach the theory advanced by the State that Mitchell was also authorized to arrest and seize the mercury under the provisions of Article 18.22, V.A.C.C.P.

The mercury was clearly admissible in evidence and the court did not err in overruling the motion to suppress, or in admitting such evidence, or in denying the motion for instructed verdict. The last three grounds of error are overruled.

The judgment is affirmed.